562 P.2d 812

**Harold D. McCLELLAN et al., Plaintiffs-Appellants,**

v.

**Raymond W. MAY and the State of Idaho, Defendants-Respondents.**

**No. 11517.**

Supreme Court of Idaho.

April 15, 1977.

**310**

Charles F. McDevitt, Gary E. Lofland, Boise, for plaintiffs-appellants.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., P. Mark Thompson, Asst. Atty. Gen., Boise, for defendants-respondents.

PER CURIAM:

The plaintiff appellants are five inmates at the Idaho State Penitentiary. They presented a *pro se* petition to the district court alleging that many of the circumstances of their confinement were illegal or unconstitutional. Among the prison regulations they challenged were those concerning mail to and from prisoners and prisoners' visitation rights. With respect to mail and visitation, the district court entered Conclusion of Law IV, "THAT the courts will not interfere with the administration and enforcement of prison rules and regulations pertaining to visitation and non-legal mail." Based upon that and other conclusions of law, the district court dismissed the plaintiffs' petition. Plaintiffs have appealed from this ruling with respect to visitation and mail.

Approximately eight months after the district court rendered its decision, the Supreme Court of the United States decided the case of *Procunier v. Martinez,* 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), and two months later decided *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). These cases make it clear that prison regulations concerning mail to and from prisoners and certain visitation regulations may infringe upon rights under the First and Fourteenth Amendments to the Constitution of the United States and the right to counsel guaranteed by the Sixth and Fourteenth Amendments. The Supreme Court held that courts must consider the effect of rules and regulations governing mail to and from prisoners and visitation rules interfering with the right to counsel.

The state informs us that the regulations in question have been revised since *Procunier* was decided, and has submitted the revised regulations contending that they comply with the standards set out in *Procunier* and *Wolff.* It therefore argues that this case is moot.

When this matter was before the district court, that court did not have the benefit of the *Procunier* and *Wolff* decisions. Nevertheless, we must judge the legal conclusions of the district court in light of those two decisions. Therefore, it is clear that Conclusion of Law No. IV, which held that courts ". . . will not interfere with the administration and enforcement of prison rules and regulations pertaining to visitation and non-legal mail" was in error, and the dismissal of the petition based upon that legal conclusion must be reversed and the petition reinstated concerning the issues of mail to and from prisoners and prisoners' visitation rights. Any question of mootness, and any question of whether or not the amended regulations infringe upon the prisoners' First, Sixth and Fourteenth Amendment rights may be addressed to the district court.

Reversed and remanded.